Bowen, J.
Before the adoption of the code it was usual and proper, in proceedings in chancery, to determine, by decree, the rights of all the parties to a bill, and to grant appropriate relief to-the several respondents as well as to the complainants. Having once obtained jurisdiction, by the service of process, the court would proceed to hear and determine all questions involved in the subject-matter of the litigation, when they were distinctly set forth in the petition, or made to appear by the answer and proofs. This practice of the courts resulted, not unfrequently, in a denial of all relief to the complainant, while one or more of the defendants, in the same cause, would derive the full benefit and aid of a decree. To authorize such action of the court, the filing of a cross-petition was not, in all instances, indispensable. In some cases it might be necessary; in others it could, with propriety, be omitted. When new matter, not introduced by the original bill, and which could not be made responsive to it in the answer, became necessary to be set up by a defendant, a cross-petition was the mode usually adopted of presenting such new matter to the attention of the court. A petition by the mortgagee of real estate, seeking the foreclosure of his mortgage, or the sale of the premises, should bring in, as necessary parties to *the proceeding, all those who hold similar liens on the property. The court may then determine the amount and priority of each claim; and it becomes its duty, when asked, to award execution to enforce the lien of any creditor whose claim is found to be an incumbrance upon the estate. The failure of the complainant to establish his lien, or to substantiate a right to recover against the mortgagor, never was, nor could be, correctly held to exclude other persons in the same action, though sued as defendants, from the decision of the court upon their rights, nor from the advantage of such a decree as the case made in the pleadings showed to be due to them. This power, which was constantly exercised by the chancellor, constituted one of the prominent merits of the chancery over the law side of our courts, and gave it great superiority in the administration of justice, wherever its jurisdiction extended.
The code has abolished the distinction between actions at law and suits in equity, so far as relates either to name or form, and there has been substituted for them what is called “ a civil action." But a judgment, when pronounced and recorded, must be, in effect, a decree, conferring the same relief which the party might have *293 obtained in chancery, if the case were pending there, provided that mode of relief be appropriate to the facts of the case. When the facts, upon which- the court is to pass, would not, under the old practice, confer upon it equitable jurisdiction, the form of relief is the same it formerly was by judgment at law. Hence, although the forms of action are abolished, the same remedy is obtained by the judgment of the court which was formerly administered by the chancellor’s decree. The only change made by the code in this particular consists in the form of the action, and not in any substantial modification of the remedy.
By section 371 of the code, it is enacted that “judgment maybe given for or against one of several plaintiffs, and for or against one of several defendants; it may determine the ultimate rights of the parties, on either side, as between themselves, and it may grant the defendant any affirmative relief to which he may be entitled,” etc.
*And again, in section 385, the rule is reiterated: “If it appear that the defendant is entitled to any affirmative relief, judgment shall be given therefor.”
These provisions of the code do not, as we conceive, introduce any new principle in proceedings which were formerly carried on in chancery. The same rule, so emphatically declared by them, as we have already seen, was steadily adhered to there. It is now sanctioned by the letter of the statute, and, under our new system, may be pursued in any case which arises for judicial determination in a civil action. If, on inspection of a defendant’s answer, it shall be found to contain a prayer for judgment, and the necessary averments to show the party’s right to relief, under the proceedings instituted against him, the court will not require the filing of a cross-petition, in form, but will treat such answer as equivalent to a petition of that kind, and grant whatever relief the party may .show himself entitled to receive.
Klonne had secured certain debts, due to different individuals, by mortgage on his real estate. Bradstreet, as the attorney and agent of some of these creditors, filed a petition to sell the mortgaged premises, and asked for an application of the proceeds to the payment of the sums due his clients, and of other claims against the estate. Most, if not all, of the liens created by mortgages and set forth in the petition, were entitled to priority over those he represented. The mortgagor opposed, by demurrer, the granting *294 of any relief to the clients of Bradstreet under the petition filed by him. The court sustained the objection urged in support of the demurrer, and gave judgment against Bradstreet. But the defendants were not affected by that ruling. They had made it appear;. affirmatively, by their answers; that they were entitled to a sale of the premises, independent of any interest in Bradstreet or his-principals. The court, therefore, after disposing of the petitioner’s-case, proceeded, as the code strictly requires, to inquire into and determine the rights of the defendants who had answered the petition and asked for judgment in their respective behalfs, the sale of the property, the distribution of the proceeds according to priority of liens, and for other proper relief. In thus proceeding to adjudicate upon *the cases made by the defendants, we think there-was no error committed.

Judgment of the Superior Court affirmed.

Bartley, C. J., and Brinkerhoee, and Scott, JJ., concurred.
Swan, J., dissented.